CONJUGAL PARTNERSHIP composed of LAWRENCE LEVY and his wife, LAURA CHAUCER LEVY, Plaintiffs and Appellants, v. CARIBE HILTON HOTEL, HOTEL CARIBE HILTON ET AL., Defendants and Appellees.

No. R-69-56.      Decided March 2, 1970.

*Rafael Martínez Álvarez, Jr., Rafael Martínez Álvarez III,* and *José A. Fernández Paoli* for plaintiffs. *González & Rodríguez* for defendants.

MR. JUSTICE RIGAU delivered the opinion of the Court.

As of February 1964, the plaintiff spouses were lodged in the Caribe Hilton Hotel, in San Juan. In the night of the 23 of said month, while dining in the hotel, plaintiff felt an acute pain in the mouth. Upon feeling the pain, as an immediate reaction, plaintiff suddenly moved backward. The cause of the pain was that a large metal staple which was in the meat he was eating broke one of his teeth. As a result of the sudden backward movement, plaintiff suffered pain in the neck and the back.

In Puerto Rico, plaintiff was treated by a dentist and a physician. Two days after the accident he returned to his home in the United States. In that country he was treated by dentist Dr. Seicol, in March 1964, and in April of the same year, by Dr. Stone. Due to the pains in the neck and the back, he had to be treated intensively in the United States.

Findings of fact numbers 11 and 12 made by the trial court on this particular read as follows:

"11. As of March 16, 1964, Lawrence Levy visited Dr. Haig because he felt pain in the neck and the back area. On March 17 of the same year he was admitted to the San Rafael Hospital, where he received traction treatment. He continued under medical treatment with Dr. Shutkin, associate physician of Dr. Haig. As of May 23, 1964, he was admitted again to the San Rafael Hospital, in view of the fact that the pain in the neck and the back continued. Traction treatment was continued. He left said hospital on May 27, that is, four days after. He continued under medical observation. Dr. Shutkin referred him to a neurologist, Dr. Robinson. The latter made him a myelogram, which showed the rupture of the disk in the fourth intervertebral lumbar space. As of February 7, his hospitalization was ordered. Doctors Shutkin and Robinson performed a second operation on him in the lower part of the back since, in 1960 or 1961, another operation had been performed on him in said part due to an injury on disks L4-5. On or about February 22 of that same year, Levy was discharged from the San Rafael Hospital. Dr. Robinson charged the amount of $850 for his services. As of February 7, 1966, Lawrence Levy, upon recommendation of Dr. Shutkin, went to see Dr. Rightmyer. He was hospitalized again on April 22, by orders of this doctor. He had X-ray pictures taken and another myelogram was made. He was discharged four days later. In October 1966 he was submitted to an exploratory operation of the back. It was found that cicatricial tissues were rubbing against a nerve. Said tissues were removed. He was put in a truncal plaster cast. On November 25, 1966 he left the hospital. Dr. Rightmyer charged $715 for his services. According to this physician, plaintiff suffers a permanent disability of from 25% to 30%."

"12. Lawrence Levy paid the amount of $2,450 to Dr. Shutkin for his services. From March 28, 1964 to April 27, 1966, he paid to the San Rafael Hospital the amount of $2,139.70. From October 23, 1966 to November 25, 1966, the expenses in said hospital were approximately $1,916. He paid to the nurses the following amounts: to Catherine Battista, the amount of $304; to Julia Bender, $268; Alice Moher, $48; Hanet Norcoh, $644;

to Doris Wadley, $56; Theresa Nevins, $756, and to Dolores Briley, $84. He paid the amount of $50 for the corset."

In their amended complaint plaintiffs claim, on account of damages, sufferings, and loss of income, the following: Plaintiff, $50,000, and his wife, $10,000, plus costs, expenses, and attorney's fees. The Superior Court granted the complaint as to the damages caused to plaintiff in the mouth, but not as to the damages caused to his back, because it considered that the sudden movement of plaintiff was a careless and unreasonable act, and attributed the negligence regarding those damages to plaintiff. Consequently, it rendered judgment ordering defendants to pay to plaintiff the amount of $2,421 on account of all damages sustained and $1,200 for attorney's fees.

Plaintiffs filed a petition for review and assigned the two following errors: (1) that the court erred in failing to award damages for the injuries in the back, and (2) that it erred in awarding only $2,000 for damages sustained and $421 on account of medical expenses, when the uncontradicted evidence showed that plaintiff has a disability of from 25% to 30% in the back as a direct cause of the accident.

There is no doubt that the judgment of the trial court is inadequate. The judgment states that it orders defendants "to pay solidarily to plaintiff the amount of $2,421 on account of all damages sustained, with imposition of costs, and the amount of $1,200 for attorney's fees." The judgment does not detail the items it includes and that is why we must seek them in conclusion of law number 11 of the opinion of the trial court, which reads as follows:

"The damages suffered by plaintiff, Lawrence Levy, in the mouth and as a result of the large piece of metal which had penetrated into both sides of one of his teeth, including the alleged disability of from 25% to 30% in the back, which we concluded has been caused by said plaintiff's own negligence, are the following:

"(a) Payments to dentists for damages in the mouth ............................................................ $421.00

"(b) Physical sufferings and mental anguish ...... 2,000.00

Total ......................... $2,421.00

"A judgment shall be rendered and entered in accordance with the foregoing determinations with imposition of costs and the amount of $1,200 for attorney's fees."

In finding of fact number 11, previously cited, the trial court states that "according to this physician [Dr. Right-myer], plaintiff suffers a permanent disability from 25% to 30%." In its conclusion of law number 11, also previously cited, it awards $2,000 in payment of damages "including the alleged disability of from 25% to 30% in the back, which we concluded has been caused by plaintiff's own negligence."

It can be noticed that the trial court awards damages—although inadequate—for the disability in the back, but at the same time it concludes that the same was caused by plaintiff's negligence.

From the elaborate depositions taken from the physicians, it arises that prior to the accident plaintiff suffered from pains in his back. The accident aggravated his condition and probably, as a result thereof, there was need for the second operation which is mentioned in finding of fact number 11 of the trial court. The trial court erred in concluding that the damages in his back were due to plaintiff's negligence. Said damages were a direct consequence of defendants' negligence.

The payments made to dentists, physicians, hospitals, and others related thereto, which appear in findings of fact numbers 11 and 12, made by the trial court, amount to a total of $10,660.70.

As to damages on account of the disability in his back, by reason of the prior medical record on that particular, we are going to award only 50% of the same. As of the date of the occurrence plaintiff was approximately 33 years old. He was

engaged in leasing and real estate business and earned about $10,000 a year. Although there is no doubt that he is prejudiced by the disability suffered, it does not prevent him from continuing to work in his line of business. But unquestionably, it constitutes a mortification for a person. In view of all the foregoing, the judgment of the trial court will be reversed and a new one rendered, with the following pronouncements:

A—Defendants will be ordered to pay, solidarily, to plaintiff Lawrence Levy, the following amounts:

—For injuries in his back, including disability     $12,000.00

—For physical sufferings and mental anguish regarding the whole accident and its consequences .............................................................     5,000.00

B—Defendants will be ordered to pay, solidarily, to Laura Chaucer Levy, wife of the injured, for sufferings and mental anguish ...........................     2,000.00

C—Defendants will be ordered to pay, solidarily, to the conjugal partnership composed of the plaintiff spouses, the following amounts:

—For expenses incurred concerning payments to dentists, physicians, hospitals, nurses, and other related expenses ...........................     10,660.70

—For attorney's fees, the amount of $2,900, plus costs.

Mr. Chief Justice Negrón Fernández did not participate herein. Mr. Justice Santana Becerra states that he would render judgment in favor of the Conjugal Partnership.